Alla Tenina, Esq. - SBN 224767
Tenina Law, APC
15250 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Phone: (213)596-0265
Fax: :   (818)928-6880
E-Mail: alla@teninalaw.com
Attorney for Eugene Fogel and Olga Fogel, Trustees
of the Fogel Family Trust dated 7/31/2019 and
LBC Capital Income Fund LLC, Secured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>810 WILTON VENTURES, LLC,<br><br><br><br>Debtor and Debtor in Possession. | Chapter 11<br><br>Case No.: 2:24-bk-15230-BB<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR APPROVAL OF DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT TO DEBTOR'S PLAN OF LIQUIDATION**<br><br>Hearing:<br>Date:   December 10, 2024<br>Time:   10:00 a.m.<br>Courtroom:  1539<br>Place:   255 East Temple Street<br>         Los Angeles, CA 90012<br><br>HONORABLE SHERI BLUEBOND |

TO: HONORABLE SHERI BLUEBOND, THE DEBTOR, DEBTOR'S ATTORNEY, UNITED STATES TRUSTEE AND PARTIES IN INTEREST:

Eugene Fogel and Olga Fogel, Trustees of the Fogel Family Trust dated 7/31/2019 as to an undivided 3,750,000.00/4,250,000.00 interest; and LBC Capital Income Fund LLC, a California limited liability company as to an undivided 500,000.00/4,250,000.00 interest, Secured Creditors (collectively referred to as "Secured Creditor"), erroneously identified by Debtor as "The Forgel Family Trust," hereby files this Opposition ("Opposition") to Debtor's Motion for Approval of Debtor's First Amended Disclosure Statement ("DS") (Docket 33) to Debtor's Plan.

Debtor's Motion to Approve DS should be denied because it lacks adequate information as

to the risk factors surrounding Debtor's inability to timely close on the sale of the only property of the estate (real property at 4461-4465 W. Melrose Avenue, Los Angeles, California 90029 ("Property")) and a manner of mitigating/eliminating such risk. Shall the Debtor be unable to timely obtain necessary permits by November of 2024 and sell the Property as contemplated by the DS and Plan, the plan's feasibility analysis, order and amounts of distribution on the claims, liquidation analysis, valuation and necessity of adequate protection payments on secured claims will be altered to the detriment of the creditors and estate. Debtor's failure to provide for such information also makes projected distribution illusory and plan not confirmable on its face. Thus, this information is vital in any disclosure statement and plan confirmation analysis.

## I.    REQUEST FOR JUDICIAL NOTICE

Pursuant FRE 201, Secured Creditor requests this Court to take Judicial Notice of the following documents on the Docket: (A) Debtor's original Disclosure Statement (Docket 27); (B) Debtor's First Amended Chapter 11 Plan (Docket 35); and (C) Debtor's instant DS (Docket 33).

## II.    LEGAL STANDARD

Section 1125 requires a Chapter 11 disclosure statement to provide "adequate information" to creditors and interest holders in order for them to make an "informed judgment about the plan." 11 U.S.C. § 1125(a)(1). The term "adequate information" is statutorily defined to mean:

> ... information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class *to make an informed judgment* about the plan.

11 U.S.C. § 1125(a)(1) [Emphasis Added].

The adequacy of disclosure statement information has been evaluated using numerous factors, including the present condition of the debtor while in Chapter 11, the classes and claims within the reorganization plan, the estimated administrative expenses (including attorneys' fees), financial information and projections relevant to the decision to accept or reject the debtor's plan, and information relevant to the risks posed to creditors under the debtor's plan. See 7

Collier on Bankruptcy & 1125.02[2] (Richard Levin & Henry J. Sommer eds 16th ed. 2021); see also In re Reilly, 71 B.R. 132, 134-35 (Bankr. D. Mont. 1987).

A number of courts have provided a list of the type of information which should be addressed by a disclosure statement. Such information includes the following:

1. The circumstances that gave rise to the filing of the bankruptcy petition;
2. A complete description of the available assets and their value;
3. The anticipated future of the debtor;
4. The source of the information provided in the disclosure statement;
5. A disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;
6. The condition and performance of the debtor while in Chapter 11;
7. Information regarding claims against the estate;
8. A liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7;
9. The accounting and valuation methods used to produce the financial information in the disclosure statement;
10. Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;
11. A summary of the plan of reorganization;
12. An estimate of all administrative expenses, including attorneys' fees and accountants' fees;
13. The collectibility of any accounts receivable;
14. Any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;
15. Information relevant to the risks being taken by the creditors and interest holders;
16. The actual or projected value that can be obtained from avoidable transfers;
17. The existence, likelihood and possible success of non-bankruptcy litigation;
18. The tax consequences of the plan; and
19. The relationship of the debtor with affiliates.

*See* In re Inforex, Inc.*,* 2 C.B.C.2d 612 (Bankr.D.Mass.1980); In re Metrocraft Publishing Services, Inc.*,* 39 B.R. 567, 568 (Bankr.N.D.Ga.1984); In re Jeppson*,* 66 B.R. 269, 292 (Bankr.D.Utah 1986). This list is not exhaustive; and a case may arise in which disclosure of all the foregoing type of information is still not sufficient to provide adequate information upon which the holders of claims or interests may evaluate a plan. *See* In re Metrocraft Publishing Services, Inc.*,* 39 B.R. at 568 (Bankr.N.D.Ga.1984).

**III.    ARGUMENT**

**A. THE DS LACKS "ADEQUATE INFORMATION" AND MUST BE DENIED**

The DS should not be approved because it lacks adequate information as to the risk factors surrounding Debtor's inability to timely close on the sale of the only property of the estate and a

Main Document    Page 4 of 6

manner of mitigating/eliminating such risk. The DS completely omits such analysis.

Debtor's DS and Plan propose to resolve Debtor's financial instability by selling the one and only asset of the estate - the Debtor's Property. There are no other means by which the Debtor will provide for the payments into the plan or any ongoing necessary expenses (See DS and Plan).

Specifically, the DS states that "Attached as Exhibit "A" is the Los Angeles Department of Building Safety Permit Application Status and Permit Application Clearance Information. As seen from Exhibit "A", the Debtor has cleared all the applications except three outstanding items. Once those permits are cleared, the CCHA will open up escrow to pay the agreed upon price of twelve million dollars and creditors will be able to submit their demands into the state clearance house ("Escrow") (See DS: Part 3.A.3: Page 5). The Declaration of Jonathan Pae, the managing member of the Debtor, attached to DS, states that " I estimate that the permits will be completed in November 2024." (See DS: Declaration of Jonathan Pae: Page 4 ¶11). The declaration then states that "[t]he Debtor assumes the contract with CCHA that allows the payment of twelve million dollars ($12,000,000.00) upon the completion of the permits." (See DS: Declaration of Jonathan Pae: Page 4 ¶11).

A review of Court filed DS and Plan reveals that no Exhibit "A" is attached. Debtor's original disclosure statement (Docket 27) contained Exhibit "A," detailing the status of various permits. Assuming that this is the same Exhibit that the Debtor wanted to attach to the instant DS, the Secured Creditor will analyze Exhibit "A" from the original disclosure statement (Docket 27).

According to that exhibit and consistent with the DS, numerous permits were cleared except for 3: two (2) of them ("Sewer Availability" and "Work Adjacent to Public Way") were not cleared since September 21, 2019 and one (1) of them ("Density Bonus 12.22.A.31") was not cleared since June 8, 2022. Hence, some five (5) years lapsed from the date of not clearing first two permits and two (2) years from the date of the third permit to the date of the order for relief in this case of July 1, 2024. Some five (5) more months lapsed since the order for relief and till the deadline to oppose DS. Still, no permits have been obtained. Debtor managing member's promise that the permits will be completed in November of 2024, turned out to be illusory.

Given the fact that the sale of the Property is the only source of payments into the Plan, a

Opposition to Debtor's First Amended Disclosure Statement      - 4-

"hypothetic investor" such as Secured Creditor would like to know what will happen to the Property if the permits are not obtained in November 2024 and the Property is not sold shortly thereafter. Any delay in getting permits and selling the Property will most certainly hamper the plan's feasibility analysis, order and amounts of distribution on the claims, liquidation analysis, valuation and necessity of adequate protection payments to the detriment of the creditors and estate. Thus, the information on the risk factors is absolutely essential.

**B.    DEBTOR'S FAILURE TO DISCLOSE THE RISK FACTORS AND THE MANNER TO ADDRESS SUCH RISK RENDERS THE PROPOSED PLAN NOT CONFIRMABLE ON ITS FACE**

A lack of the above referenced information, in turn, renders the Plan not confirmable on its face. One Court of Appeals held in the context of a disclosure statement approval that "Chapter 11 Debtors' fifth proposed reorganization plan was 'patently unconfirmable' because the plan's sole source of funding was from a surcharge obtained from wholly speculative litigation proceeds. Moreover, the feasibility issue could not be cured, and no dispute of material fact remained because Debtors admitted no plan would work without the surcharge funding source." In re American Captial Equip., LLC, 688 F3d 145, 156 (3rd Cir. 2012).

Similar to American Captial Equip., LLC, the sale of the Property is the only source of plan funding. Debtor's failure to obtain two (2) permits in over five (5) years and another permit in over (2) years renders a proposed sale highly unlikely. Without a prompt sale of the Property, no plan would work as the value of the Property would not be anywhere near the plan projected value. Even if a sale was possible, any delay in distribution most certainly will alter feasibility of the Plan. Thus, the Plan is not confirmable on its face.

**IV.    CONCLUSION**

Based on the foregoing, the Court should deny approval of DS.

Dated: November 20, 2024

_____
Alla Tenina, Esq.
Tenina Law, APC,
Attorney for Eugene Fogel and Olga Fogel, Trustees of the Fogel Family Trust dated 7/31/2019 and LBC Capital Income Fund LLC, Secured Creditors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15250 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO DEBTOR'S MOTION FOR APPROVAL OF DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT TO DEBTOR'S PLAN OF LIQUIDATION _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/25/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
Ryan M Hemar    ryan.hemar@fnf.com, arbi.abrami@fnf.com    David Samuel Shevitz    David.S.Shevitz@usdoj.gov
Alla Tenina    alla@teninalaw.com, jenny@teninalaw.com;aguilar.jenniferb119499@notify.bestcase.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/25/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Honorable Sheri Bluebond
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/25/2024 | Alla Tenina | /s/ Alla Tenina |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**